UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MYRON MASHONE LEWIS,

            Plaintiff,

v.                                                **Case No. 16-cv-378-pp**

GREGORY D. HOPPE,

            Defendant.
_____

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), AND SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1)**
_____

      The *pro se* plaintiff, Myron Mashone Lewis, is confined at the Milwaukee County Jail. He filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. In this order, the court grants the plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) and screens the plaintiff's complaint.

**I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial

1

partial filing fee, the court may allow the plaintiff to pay the balance of the $350.00 filing fee over time through deductions from his prisoner account. Id.

On April 22, 2016, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $16.87. Dkt. No. 5. The plaintiff paid that fee on May 13, 2016. Accordingly, the court will grant the plaintiff's motion for leave to proceed without pre-paying the filing fee and allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

The law allows a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint, however, that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must,

3

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court must give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A. Complaint Allegations

The plaintiff alleges that between 10:30 a.m. and 11:30 a.m. on July 27, 2015, defendant Greenfield Police Department Detective Gregory D. Hoppe, along with other officers, illegally entered his residence. Dkt. No. 1 at 2. The plaintiff indicates that he was alleged to be a suspect in an armed robbery, and that an informant had told defendant Hoppe that the plaintiff would be inside his residence. Id. at 3. The plaintiff alleges that defendant Hoppe and the other officers entered his home without a warrant, probable cause, exigent circumstances, or consent, in violation of the plaintiff's rights under the Fourth Amendment. Id. The plaintiff seeks monetary damages and injunctive relief. Id. at 4.

B. Discussion

A review of the State of Wisconsin Court System's Circuit Court Access online public records[1] reveals that the plaintiff's criminal case (State of Wisconsin v. Myron Mashone Lewis, Milwaukee County Case Number 2015CF003427) is ongoing. On April 28, 2016, the plaintiff pled guilty to two counts of armed robbery and one count of robbery with use of force. Judge William S. Pocan is scheduled to sentence the plaintiff on May 31, 2016.

The plaintiff's case in Milwaukee County Circuit Court won't be finished until his sentencing on May 31, 2016. Federal law prohibits federal judges from intervening in state prosecutions unless there are extraordinary circumstances involved. The Younger abstention doctrine provides that absent extraordinary circumstances, federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. See SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. Younger v. Harris, 401 U.S. 37, 45 (1971). Federal claims arising from illegal searches, seizures, and detentions involve constitutional issues that a criminal defendant has the ability to litigate during the course of the state criminal case. See Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss—the defendant can litigate them during his trial in state court.

---

[1] See https://wcca.wicourts.gov/ (last visited May 24, 2016).

See id. Deciding those issues is federal court could undermine the state court proceeding. Id. (citing Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995)).

Because the plaintiff's state criminal case is not over, there is nothing the federal court can do for him at this time. In order for this court to consider the plaintiff's claims, he must complete his sentencing and then exhaust all of his appellate, or post-conviction, options in state court. See Simpson, 73 F.3d at 138. Only when the plaintiff has litigated his claims to the highest state court can this court consider his claims. This court must, therefore, stay the federal case pending resolution of Milwaukee County case 15CF3427 and any subsequent post-conviction or appellate procedures.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **ORDERS** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $333.13 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Sheriff or his designee shall clearly identify the payments by the case name and number assigned to this case.

6

The court will send a copy of this order to the Milwaukee County Sheriff, and to Mary Wenten and Susan Harrington at the Milwaukee County House of Corrections.

The court **STAYS** this case pending resolution of Milwaukee County Case Number 2015CF003427. It is the plaintiff's responsibility to file a motion to lift the stay after he has completed all of the litigation in state court.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated in Milwaukee, Wisconsin this 24th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge