UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MYRON MASHONE LEWIS,

        Plaintiff,

  v.                                        Case No. 16-cv-378-pp

GREGORY D. HOPPE, DOUGLAS TWEEDIE,
AARON J. BUSCHE, CHUCK R. FLETCHER,
CHRISTOPHER D. DEGLOPPER, JASON BIRSCHBACH,
and DAVID GABBARD,

        Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

On May 24, 2016, this court entered an order granting the plaintiff's motion to proceed without prepaying the filing fee, screening his complaint and staying the case pending resolution of the plaintiff's state-court criminal case in Milwaukee County.[1] Dkt. No. 7. After the plaintiff was sentenced in the state case, this court entered an order clarifying that it would continue to stay the federal case until the plaintiff "ha[d] litigated his claims to the highest state court." Dkt. No. 12 at 2. Nearly two years later, the court learned that the plaintiff's appeal had been dismissed; the court ordered the plaintiff to show cause why it should not dismiss the case for failure to prosecute. Dkt. No. 17. The plaintiff filed a motion asking the court to lift the stay, dkt. no. 18, so the court discharged the show-cause order, granted the plaintiff's motion and

---

[1] The plaintiff was incarcerated at the Milwaukee County Jail when he filed his complaint. The Wisconsin Department of Corrections inmate locator web site indicates that since July 22, 2020, the plaintiff has been at Oshkosh Correctional Institution. https://appsdoc.wi.gov/lop/detail.do.

1

ordered him to file an amended complaint by July 19, 2019, dkt. no. 19. The plaintiff timely filed an amended complaint. Dkt. Nos. 20, 20-1, 20-2.[2]

The court screened the amended complaint. Dkt. No. 21. The court speculated that the plaintiff's claims against the officers whom he says stormed his home unlawfully might be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 7. But the court also noted that the plaintiff had not alleged that he suffered any injury as a result of the officers' actions. Id. The court stated that it would give the plaintiff "a last opportunity to amend his complaint to allege an actual, compensable injury that he suffered as a result of the allegedly unlawful search and seizure." Id. at 8. The court's order explained in detail what the plaintiff needed to do to amend the complaint. Id. at 10-11. The court warned the plaintiff that if he did not file the second amended complaint in time for the court to receive it by the end of the day on November 20, 2020, the court would dismiss the case on the next business day for failure to state a claim. Id. at 11.

The court has not received the second amended complaint and the November 20, 2020 deadline has passed.

---

[2] Dkt. No. 20 is the court's complaint form, on which the plaintiff listed his name and one of the defendants and made his demand for relief. This document does not name all the defendants or state any facts. Dkt. No. 20-1 is a two-page, hand-written document titled "Statement of Claim (Amended Complaint)." This document lists various defendants and alleges facts. Dkt. No. 20-2 is an eight-page, hand-written document titled "Amended Complaint," which lists all the defendants and contains more detailed facts. It appears that the plaintiff copied the contents of a police report into Dkt. No. 20-2, then inserted editorial comment about portions with which he doesn't' agree. The court does not know why the plaintiff filed the amended complaint in three, separate documents, but in screening the amended complaint, the court treated all three as the amended complaint. Dkt. No. 21 at 2 n.2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court will document that the plaintiff has incurred a strike under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 24th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**